UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

DEVON G. BENNETT

                Plaintiff,

- against -

LONG ISLAND RAIL ROAD COMPANY,

                Defendant.

-------------------------------------------------------------x

LONG ISLAND RAIL ROAD COMPANY,

                Third-Party Plaintiff,

      -against-

ERY TENANT LLC and TUTOR PERINI
CORPORATION,

                Third-Party Defendants.

-------------------------------------------------------------x

Civil Action No.: CV-14 6765
(RJD)

**AMENDED THIRD-PARTY
COMPLAINT**

Defendant/third-party plaintiff, LONG ISLAND RAILROAD COMPANY (hereinafter "LIRR"), as and for its verified third-party complaint against third-party defendants ERY TENANT LLC (hereinafter "ERY") and TUTOR PERINI CORPORATION (hereinafter Tutor Perini") by its attorneys, Keidel, Weldon & Cunningham, LLP, respectfully allege, upon information and belief, as follows:

    1.    At all times hereinafter mentioned, LIRR was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

2.      At all times hereinafter mentioned, ERY was a foreign limited liability company actually doing business within the State of New York.

3.      At all times hereinafter mentioned, ERY was a foreign limited liability company authorized to do business within the State of New York.

4.      At all times hereinafter mentioned, ERY was a foreign limited liability company transacting business within the State of New York and/or contracting to buy or sell goods and/or services within the State of New York.

5.      At all times hereinafter mentioned, ERY entered into a contract or multiple contracts which are the subject of this third-party complaint.

6.      At all times hereinafter mentioned, Tutor Perini was a foreign corporation actually doing business within the State of New York.

7.      At all times hereinafter mentioned, Tutor Perini was a foreign corporation authorized to do business within the State of New York.

8.      At all times hereinafter mentioned, Tutor Perini was a foreign corporation transacting business within the State of New York and/or contracting to buy or sell goods and/or services within the State of New York.

9.      ERY entered into a contract with LIRR, among other parties, wherein it was granted development rights in, among other places, the Eastern Rail Yard Section of the LIRR's West Side Yard on the West Side of Manhattan, New York, between 30th and 33rd Streets and 10th and 12th Avenues (hereinafter "The Project").

10.     Tutor Perini entered into a contract to oversee the construction work

related to the above-referenced development.

11.     In the attached Complaint, plaintiff alleges that on or about April 10, 2014, he was injured as a result of construction, alteration and other debris located in the LIRR West Side Yard.  (See Exhibit "A")

12.     Subject matter jurisdiction of this third-party action is proper under 28 U.S.C Section 1367(a).

**AS AND FOR A FIRST CAUSE OF
ACTION AGAINST THE THIRD-PARTY DEFENDANTS**

13.     The defendant/third-party plaintiff LIRR repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" with the same force and effect as if set forth more fully herein.

14.     Prior to the date of the allegations in the plaintiff's Complaint, the LIRR contracted with ERY wherein ERY was to develop the area where plaintiff alleges his accident to have occurred.  ERY, in turn, contracted with Tutor Perini to have that work undertaken and to perform various work on The Project.

15.     That if plaintiff sustained any damages as alleged in his Complaint then such damages resulted solely from the active, affirmative and primary negligence of the third-party defendants, ERY and Tutor Perini, their agents, servants and/or employees.

16.     That plaintiff's alleged injuries did not arise from any negligent acts or omissions of LIRR.

17.     That by reason of the foregoing, defendant/third-party plaintiff is entitled to contribution, apportionment and indemnification from and against the third-party defendants for all or part of any verdict or judgment that plaintiff may recover against the

counterclaim defendant/fourth-party plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION

18.     The counterclaim defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if more fully set forth herein.

19.  Prior to or during the course of the construction of The Project, third-party defendants, ERY and Tutor Perini, entered into various contracts wherein they agreed to hold harmless, defend and indemnify the LIRR for any damages arising out of their work and to procure insurance providing for coverage for the LIRR for, among other things, claims that arose out of the work they were performing.

20.     That plaintiff's injuries alleged arose out of the acts or omissions of third-party defendants, ERY and Tutor Perini and/or the work they were performing and not as a result of any negligence on the part of LIRR.

21.     That, as a result, third-party defendants, ERY and Tutor Perini, are required to defend, indemnify and hold harmless LIRR.

22.     That third-party defendants, ERY and Tutor Perini, have failed to defend, indemnify and hold harmless LIRR in breach of said contract and/or have failed to procure insurance coverage providing for same.

23.     Due demand was made of the third-party defendants that they do so.

24.     As a result of third-party defendants, ERY and Tutor Perini's negligence, breach of contract, breach of warranty, breach of statute, gross negligence, or some combination thereof, LIRR has incurred or will continue to incur liability for costs, disbursements and counsel fees in defending the plaintiff's suit, and has incurred, and

will continue to incur, other damages and expenses in connection therewith.

**WHEREFORE**, LIRR demands judgment that the ultimate rights of the LIRR and the third-party defendants, as between themselves, be determined and that it has judgment over and against the third-party defendants, ERY and Tutor Perini, for all or part of any verdict or judgment on the claim which may be obtained herein by plaintiff against LIRR, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just, proper and equitable.

Dated:      White Plains, New York
            May 13, 2015

_____
Jeremy D. Platek (9153)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded via e-mail, on this 13th day of May, 2015, to all Counsel of record as follows:

Valerie J. Lauriello
Law Office of Michael D. Flynn
Attorneys for Plaintiff
5 Penn Plaza - 23rd Floor
New York, NY 10001

Brian McLaughlin
London Fischer LLP
Attorneys for Third-Party Defendants ERY and Tutor-Perini
59 Maiden Lane
New York, NY 10038

Jeremy D. Platek